1  Eileen M. Bissen, State Bar No. 245821
   NEYHART, ANDERSON, FLYNN & GROSBOLL
2  369 Pine Street, Suite 800
   San Francisco, CA 94104
3  Tel.   (415) 677-9440
   Fax    (415) 677-9445
4  Email: ebissen@neyhartlaw.com

5  **Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>WESTECH ROOFING, a California corporation;<br><br>                Defendant. | Case No.   12-cv-05655 JCS<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [~~PROPOSED~~] ORDER**<br><br>Date:         May 10, 2013<br>Time:         1:30 p.m.<br>Courtroom: G; 15th Floor<br>Location:    450 Golden Gate Avenue<br>              Sam Francisco, CA 94102<br>Judge:        Judge Joseph C. Spero |

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

## INTRODUCTION

This is an ERISA collections case. Plaintiffs allege that Defendant failed to pay fringe benefit contributions due, resulting in liquidated damages and collection costs, as well as attorneys' fees and interest.

Defendant has failed to appear in this action. Accordingly, default was entered against Defendant on May 1, 2013. (See, Dckt. No. 14.)

1.  <u>Jurisdiction and Service</u>: This is an ERISA collection action, and as such, this Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145. Defendant was served on or about November 24, 2012.

2.  <u>Facts</u>: Defendant WESTECH ROOFING has failed to pay mandatory fringe benefit contributions to Plaintiffs BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY / NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY ARE COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND, BRUCE LAU, TRUSTEE (hereafter collectively referred to as "Plaintiffs"), resulting in liquidated damages and collection costs, as well as attorneys' fees and interest.

3. <u>Legal Issues</u>: The principal legal issue in this case is whether Defendant is liable for the unpaid contributions, liquidated damages, collection costs, interest, and attorneys' fees.

4.  <u>Motions</u>: Plaintiffs anticipate filing a Motion for Default Judgment. To that end, Plaintiffs request that this Court continue the currently scheduled case management conference to a date after July 10, 2013 so that Plaintiffs may file their Motion for Default Judgment.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER
Case No. 12-cv-05655 JCS

1

5. <u>Amendment of Pleadings</u>: Plaintiffs do not anticipate filing any amended pleadings at this time.

6. <u>Evidence Preservation</u>: The parties have not discussed any necessary steps taken to preserve relevant evidence, as Defendant has failed to appear in this action.

7. <u>Disclosures</u>: No disclosures have been made, as Defendant has failed to appear in this action.

8. <u>Discovery</u>: No discovery has been conducted and no discussions regarding a discovery plan have taken place between the parties, as Defendant has failed to appear in this action. Pursuant to Fed. R. Civ. P. 26(f), however, Plaintiffs' discovery plan is as follows:

(a) Plaintiffs do not propose any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiffs expect to make their initial disclosures prior to the Case Management Conference in this case.

(b) Plaintiffs are unaware at this time of the subjects on which discovery may be needed. Plaintiffs believe that since the requisite discovery, if any, in this case will be minimal, discovery should be completed quickly and should not be conducted in phases or be limited to or focused on particular issues.

(c) Plaintiffs do not foresee any issues about disclosure or discovery of electronically stored information.

(d) Plaintiffs are unaware at this time of any issues about claims of privilege or of protection as trial-preparation materials.

(e) Plaintiffs do not propose any changes be made in the limitations on discovery imposed under these rules or by local rule.

9. <u>Class Actions</u>: This case is not a class action.

10. Related Cases: There have been a number of lawsuits filed against Defendant based on Defendant's failure and/or refusal to pay mandatory fringe benefit contributions due to Plaintiffs (See e.g., 06-cv-04819-JCS).

11. Relief: Plaintiffs seek a judgment for all contributions due and owing to the date of judgment, plus liquidated damages, interest, attorneys' fees and costs. Plaintiffs also request that the Court enjoin Defendant from violating the terms of the applicable collective bargaining agreement(s) and Trust agreement(s) for the time which Defendant is contractually bound to file reports and pay contributions to the Trust Funds. Plaintiffs further request that this Court reserve Plaintiffs' contractual right to audit Defendant for months prior to the judgment and, in the event of such an audit, collect any additional sums which may be due. Finally, Plaintiffs request that this Court retain jurisdiction over this case pending Defendant's compliance with its orders.

12. Settlement and ADR: The parties have not agreed to an ADR process, as Defendant has failed to appear in this action.

13. Consent to Magistrate Judge For All Purposes: Plaintiffs consent to a magistrate judge to conduct further proceedings.

14. Other References: Plaintiffs do not believe this case is suitable for reference to binding arbitration, a special master or multi-district litigation.

15. Narrowing of Issues: There has been no discussion between the parties regarding issues which can be narrowed, as Defendant has failed to appear in this action.

16. Expedited Schedule: Plaintiffs do not believe there is a need for this case to proceed on an expedited basis. Plaintiffs expect the case will be resolved via the Motion for Default Judgment, which Plaintiffs expect to file forthwith.

17. <u>Scheduling</u>: Plaintiffs believe setting pre-trial dates is premature. Further, as Plaintiffs believe the case will be resolved via a Motion for Default Judgment, there is no need for a pre-trial schedule.

18. <u>Trial</u>: Plaintiffs believe the case will be resolved via a Motion for Default Judgment and, as such, trial will not be necessary.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Other than the named parties, Plaintiffs are not aware of any other interested entities or persons.

20. The parties believe that the above statement adequately all crucial issues in order that this action may be resolved.

Dated: May 2, 2013

Respectfully submitted,

NEYHART, ANDERSON,
FLYNN & GROSBOLL

By: _____
Eileen M. Bissen
Attorneys for Plaintiffs

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER
Case No. 12-cv-05655 JCS

4

# [~~PROPOSED~~] ORDER

Having considered the case management statement submitted by Plaintiffs, IT IS HEREBY ORDERED THAT:

The case management conference scheduled for May 10, 2013 at 1:30 p.m. is continued to _____July 12, 2013_____ at ___1:30___ p.m. in Courtroom G; 15th Floor, U.S. District Court, located at 450 Golden Gate Avenue in San Francisco, California 94102.

**IT IS SO ORDERED.**

Dated: ___May 7___, 2013

_____
Judge Joseph C. Spero
UNITED STATES MAGISTRATE JUDGE