UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTECH ROOFING,<br><br>Defendant. | Case No. 12-cv-05655-JCS<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE AN ANSWER**<br><br>Re: Dkt. No. 37 |

## I. INTRODUCTION

This action was filed on November 2, 2012. On November 24, 2012, the Complaint and summons were personally served on Laurin Hunt, the agent who is designated by law to accept service of process on behalf of Westech Roofing. *See* Docket No. 12. Defendant did not answer or appear and on May 1, 2013, the Clerk entered default against Defendant. Defendant now brings a Motion to Set Aside Default and for Leave to File Answer ("Motion"). Defendant asks the Court to set aside the default under Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion is DENIED. The hearing noticed for January 17, 2014 is vacated.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) lists the grounds on which a default judgment may be vacated and includes "mistake, inadvertence, surprise or excusable neglect." The Ninth Circuit has held that the test that governs lifting entry of default for good cause under Rule 55(c) also governs the vacating of a default judgment under Rule 60(b)(1) for excusable neglect or mistake. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696–97 (9th Cir. 2001). In particular, courts must "consider[ ] three factors: (1) whether [the

1  party seeking to set aside the default] engaged in culpable conduct that led to the default; (2)
2  whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would
3  prejudice" the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d
4  1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Group,*
5  *Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004)).  The test is disjunctive, that is, a finding that any one
6  of the three factors is met is sufficient reason for the district court to refuse to set aside the default.
7  *Id*.

8  "While the same test applies for motions seeking relief from default judgment under both
9  Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context . . . because
10 in the Rule 55 context there is no interest in the finality of the judgment with which to contend."
11 *Id*. at 1091 n. 1 (quoting *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th
12 Cir.1986)).  Further, the Ninth Circuit has cautioned that "judgment by default is a drastic step
13 appropriate only in extreme circumstances; a case should, whenever possible, be decided on the
14 merits." *Id*. (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

15 Here, the Court declines to exercise its discretion to vacate the default entered against
16 Defendant because Westech's conduct is culpable. *See Meadows v. Dominican Republic*,
17 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or
18 constructive notice of the filing of the action and failed to answer") (citation omitted).  Westech
19 failed to answer the complaint simply because the complaint, though personally served on
20 Westech's agent for service of process, Laurin Hunt, was misplaced or discarded.  Westech does
21 not even assert that it was unaware of the action against it – rather, it acknowledges that after it
22 misplaced or threw away the complaint, it simply "forgot about it." *See* Motion at 4.  Even more
23 troubling is the fact that Plaintiffs have had to repeatedly file actions in district court to enforce
24 Defendant's employee benefit obligations. *See* Declaration of Eileen M. Bissen in Support of
25 Plaintiffs' Opposition to Motion to Set Aside Default, ¶ 3 (listing eight separate actions prior to
26 the instant action brought in this Court to enforce ERISA plan obligations, dating back to 1992).
27 Further, the ongoing efforts by Plaintiffs to enforce Defendant's contractual obligations
28 belie Defendant's assertion that its long history of noncompliance has given rise to a defense of

1  estoppel.  Even assuming such a defense may be asserted under ERISA, the facts here do not
2  establish Defendant has a viable defense on that basis. Nor has Defendant pointed to any other
3  viable defense in this action. Thus, this factor also supports the Court's denial of Defendant's
4  request that the default against it be vacated.
5      Finally, were the Court to vacate the default against Defendant it would prejudice Plaintiffs
6  by encouraging a continued pattern of conduct that is a burden to Plaintiffs and the Court and is
7  contrary to the purposes of ERISA.

## III. CONCLUSION

For the reasons stated above, the Motion is DENIED.  The default against Defendant shall not be vacated and Defendant may not file an answer in this action.

**IT IS SO ORDERED.**

Dated:  January 6, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge