1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7   BOARD OF TRUSTEES OF THE BAY
    AREA ROOFERS HEALTH & WELFARE          Case No.  12-cv-05655-JCS
    TRUST FUND, et al.,
8
                        Plaintiffs,         **ORDER GRANTING PLAINTIFFS'**
9                                           **REQUEST FOR ENTRY OF A**
            v.                              **PERMANENT INJUNCTION**
10
                                            Re: Dkt. No. 54
    WESTECH ROOFING,
11
                        Defendant.
12

13

14  **I.      INTRODUCTION**

15          On May 19, 2014, the Court issued an Order Granting Plaintiffs' Amended Motion for

16  Default Judgment ("Order"), which awarded $147,820.13 in damages and invited Plaintiffs to file

17  a Request for Entry of a Permanent Injunction ("Request").  Plaintiffs filed their Request on June

18  2, 2014, and Defendant Westech Roofing filed a response on June 13, 2014 ("Response").  On

19  July 25, 2014, the Court issued an Order for Additional Materials in Support of Request for Entry

20  of Permanent Injunction and Denying without Prejudice Westech's Request for Discovery.  On

21  August 15, 2014, Plaintiffs filed a supplemental declaration ("Stephenson Supplemental Decl."),

22  and on August 26, 2014 Defendant filed a response ("Response to Supplemental Declaration").

23  For the reasons stated below, Plaintiffs' Request is GRANTED.[1]

24  **II.     BACKGROUND**

25          Plaintiffs are the trustees of the Bay Area Roofers Health & Welfare Trust Fund, Pacific

26

27  _____

28  [1] The parties have consented to the jurisdiction of the undersigned United States magistrate judge
    pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1   Coast Roofers Pension Plan, Easy Bay/North Bay Roofers Vacation Trust Fund, Bay Area

2   Counties Roofing Industry Promotion Fund, and Bay Area Counties Roofing Industry

3   Apprenticeship Training Fund ("Trust Funds").  Order at 1-2.

4          Defendant Westech Roofing entered into a written collective bargaining agreement with

5   Local Union 81 of the United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO

6   ("CBA").  *Id*. at 2.  The CBA, which incorporates the trust agreements with the Trust Funds,

7   requires Defendant to make fringe benefit contributions to the Trust Funds on a regular basis for

8   work performed by covered employees.  *Id*. at 3.  On November 2, 2012, Plaintiffs filed the latest

9   in a series of lawsuits against Defendant for failure to comply with its contractual obligations

10   under the CBA pursuant to the Employee Retirement Income Security Act ("ERISA").[2] In their

11   Complaint, Plaintiffs requested not only monetary relief but also a permanent injunction

12   "enjoin[ing] defendant from violating the terms of the collective bargaining agreement and the

13   Trust Agreements for the full period for which Defendant is contractually bound to file reports and

14   pay contributions to the Trust Funds."  Complaint at 5.

15          Defendant did not answer or appear, and on May 1, 2013, the Clerk entered default against

16   Defendant.  On May 19, 2014, the Court granted Plaintiffs' Amended Motion for Default

17   Judgment ("Default Judgment Motion"), finding that Defendant failed to comply with its

18   obligation under the CBA to make timely fringe benefit contributions to the Trust Funds and

19   awarding monetary damages.  *Id*. at 7.  In the Default Judgment Motion, Plaintiffs did not request

20   that the Court enter a permanent injunction against Westech.  In response to the Court's Order

21   inviting Plaintiffs to apply for injunctive relief, however, Plaintiffs now seek injunctive relief as

22   well.

23   _____

24   [2] *See e.g., Roofers Local Union, et al. v. Westech Roofing*, No. 92-cv-04774 RHS (1992); *Roofers Area Health & Welfare, et al. v. Westech Roofing*, No. 94-cv-00412 CW (1994); *Roofers Local

25   Union, et al. v. Westech Roofing, et al.*, No. 95-cv-04672 EFL (1995); *Bay Area Roofers, et al. v. Westech Roofing, et al.*, No. 97-cv-00859 WDB (1997); *Bay Area Roofers Health, et al. v.

26   Westech Roofing, et al.*, No. 99-cv-03626 SBA (1999); *Bay Area Roofers Health & Welfare, et al. v. Westech Roofing*, No. 01-cv-00323 MHP (2001); *Board of Trustees of the Bay Area Roofers

27   Health & Welfare Trust Fund, et al. v. Westech Roofing*, No. 02-cv-01587 MHP (2002); *Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund, et al. v. Westech Roofing*, No. 06-

28   cv-04829 JCS (2006); *Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund, et al. v. Westech Roofing*, No. 10-cv-00114 MHP (2010).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In their Request, Plaintiffs argue that the four elements that must be satisfied to warrant

2    entry of a permanent are present in this case.[3]  Request at 2.  With regard to the first two factors,

3    Plaintiffs argue that they have suffered irreparable injury, for which the remedies available at law

4    are inadequate.  *Id*. at 3-4.  Specifically, they emphasize that this action is the latest in a series of

5    lawsuits, spanning over twenty-two years, against Defendant for failure to comply with its

6    contractual obligations.  *Id*. at 3.  Plaintiffs assert that Defendant's repeated failure to pay benefits

7    to Plaintiffs in a timely manner has caused Plaintiffs to be unable to provide benefits in a timely

8    manner to the Union members who have earned them, which has harmed Plaintiffs' reputation

9    with the members and other signatory contractors.  *Id*.; *see also* Stephenson Supplemental Decl., ¶

10   ¶ 2-3 (stating that Westech's "continued delinquent payments to the Trust Funds have prevented

11   the Trust Fund Office . . . from timely paying claims for members of the Union who participate in

12   the Plan" and have "create[d] considerable administrative hassles as members of the Union and

13   their family members contact the Trust Funds Office to determine why their medical benefits were

14   not initially paid or not paid at all at that stage").  Plaintiffs argue further that, in light of

15   Defendant's repeated delinquencies, monetary damages are clearly inadequate to stop Defendant's

16   delinquent payments without Plaintiffs' having to file a "multiplicity of suits."  *See* Request at 4

17   (citing *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1116775, at *6

18   (W.D. Wash. March 20, 2014)).

19   Plaintiffs argue that the balance of hardships and the public interest also favor entry of an

20   injunction.  Request at 5-6.  As to the former, Plaintiffs contend that if the injunction is granted

21   Defendant will suffer no injury because it is already legally required to make the same payments

22   under the CBA, but that if the injunction is not granted, Plaintiffs will suffer monetary and non-

23   monetary damages in the likely event that Defendant's pattern of delinquent payments continues.

24   *Id*. at 5.  Furthermore, Plaintiffs argue, the public interest will be served by the potential

25   ───────────────────

26   [3] To obtain permanent injunctive relief, a plaintiff must prove: (1) it has suffered irreparable injury; (2) remedies at law are inadequate; (3) the balance of hardships favors granting injunctive

27   relief; and ( 4) the public interest will not be disserved by a permanent injunction. *Nuscience Corp. v. Henkel*, 2009 U.S. Dist. LEXIS 133161 (C.D. Cal. Apr. 14, 2009), citing *eBay Inc. v.*

28   *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *W. Org. of Res. Council v. Johanns (In re Geertson Seed Farms)*, 541 F.3d 938, 943 (9th Cir. 2008)).

1   preservation of judicial resources that could result from this Court's retention of the jurisdiction to

2   enforce the CBA without Plaintiffs' having to file repeated lawsuits.  *Id*. at 6.

3          In its Response, Defendant argues that Plaintiffs have not established that any of the

4   requirements for injunctive relief are met.  Response at 13.  Defendant argues that Plaintiffs'

5   allegations regarding their inability to provide benefits and their reputational harm were not raised

6   in the Complaint and are not supported by any evidence in the record.  *Id*. at 2.  In addition,

7   Defendant contends Plaintiffs have an adequate remedy at law in the monetary damages provided

8   for in the CBA.  *Id*. at 7.  Defendant argues that if the Court issues an injunction, the balance of

9   hardships will favor the Defendant because the Court will have "abrogate[d] Westech's rights

10  under the CBA" by enjoining future breaches in the form of late payments without giving

11  Defendant the opportunity to address Plaintiffs' "new claims . . . related to Plaintiffs' inability to

12  make payments to members and the reputational damage that supposedly follows."  *Id*. at 10.

13  Defendant also disagrees with Plaintiffs' suggestion that an injunction would save judicial

14  resources because, according to Defendant, the Court would retain jurisdiction and be forced to

15  deal with every late payment.  *Id*. at 11.  Finally, Defendant argues that any alleged inability of

16  Plaintiffs to make benefit payments is not a matter of public interest.  *Id*. at 12.

17         In its Response to Supplemental Declaration, Westech reiterates its assertion that

18  Plaintiffs' request for a permanent injunction amounts to a new claim.  Westech also contends that

19  the Stephenson Supplemental Declaration "suggests that when WESTECH misses a payment, that

20  Fund members may not be able to obtain medical treatment . . .[and that] [t]his seems unlikely. . ."

21  Response to Supplemental Declaration at 2.  Westech argues that the due process requires that it

22  be permitted to conduct discovery as to whether injunctive relief is warranted.  *Id*. at 4.

23  **III.   ANALYSIS**

24         **A.     Remedies Available on Default Judgment**

25         In determining whether entry of default judgment is appropriate, the court takes all factual

26  allegations in the complaint, except those relating to damages, as true.  *TeleVideo Systems, Inc. v.*

27  *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d

28  557, 560 (9th Cir. 1977)).  Even where the court finds that entry of default judgment is

United States District Court
Northern District of California

4

United States District Court
Northern District of California

appropriate, however, the plaintiff must establish the extent of damages through evidence. *Geddes*, 559 F.2d at 560. More Broadly, where other types of relief, such as a permanent injunction, are sought, the plaintiff must establish that the remedy is appropriate. *See Sprint Nextel Corp. v. Thuc Ngo*, 2012 WL 4127296, at *8 (N.D.Cal., Sept. 18, 2012) (holding that "[i]njunctive relief is available as part of a default judgment" and that to establish entitlement to injunctive relief on default judgment, the plaintiff was required to establish irreparable harm, inadequacy of legal remedy, that balance of hardships favored plaintiff and that injunctive relief was in public interest). Further, the scope of relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c).

### B. Availability of Injunctive Relief under ERISA

ERISA requires employers "obligated to make contributions . . . under the terms of a collectively bargained agreement" to "make such contributions in accordance with the terms and conditions of" the agreement and provides for civil enforcement. 29 U.S.C. § 1145 (2008). Under ERISA, courts may award damages in the amount of unpaid contributions, interest, and "other legal or equitable relief as the court deems appropriate," including injunctions. 29 U.S.C. § 1132(g)(2). "There are no specific procedures under ERISA, however, which cover the issuance of injunctions." *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1217 (7th Cir. 1989). Accordingly, the right to injunctive relief under ERISA is subject to a traditional equity analysis. *See Gould*, 870 F.2d at 1221; *Sheet Metal Workers Int'l Ass'n, Local 206, of Sheet Metal Workers Int'l Ass'n, AFL-CIO v. W. Coast Sheet Metal Co.*, 660 F. Supp. 1500, 1503-06 (S.D. Cal. 1987). Under this analysis, a district court may enter a permanent injunction if a plaintiff establishes: (1) plaintiff has suffered an irreparable injury; (2) the remedies at law are inadequate to compensate for that injury; (3) the balance of hardships favors an injunction; and (4) the public interest would not be disserved by an injunction. *See Hadel v. Willis Roof Consulting*, No. 2:06-cv-01032-RLh-RJJ, 2008 WL 4372783, at *2 (D. Nev. Sept. 23, 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006)).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## C.    Discussion

Because Plaintiffs requested a permanent injunction in their complaint, entry of a permanent injunction is not barred under Rule 54(c).  Therefore, the only remaining question is whether the entry of a permanent injunction is warranted under the facts here.  The Court finds that it is.

First, the Court finds that Plaintiffs have demonstrated that they are likely to suffer irreparable harm in the absence of injunctive relief, and that the remedies at law are inadequate. Plaintiffs have presented evidence that Westech's late payments have prevented the Trust Funds from making timely payments to Plan participants.  Further, the amounts of the contributions at issue are significant– not only in this case but in the many previous cases that Plaintiffs have been required to file to obtain payments from Westech over a twenty-two year period.  This long history of non-compliance in the face of multiple court orders awarding late and unpaid contributions reflects bad faith on Westech's part, undermines the fundamental purpose of ERISA and makes clear that legal remedies are not adequate as to this Defendant.  *See Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1221 (7th Cir. 1989) (holding that entry of preliminary injunction was appropriate where defendant failed to make required contributions, thus jeopardizing the trust fund's "actuarial soundness" and noting that ERISA violations carry a strong probability of irreparable harm because "Congress finds . . . that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected by a national public interest"); *United Here Health v. Tinoco's Kitchen, LLC*, 2012 WL 5511639, at *7 (D. Nev., November 13, 2012) (granting request for preliminary injunction and finding that there was likelihood of irreparable harm based on failure to pay required ERISA contributions over a two-year period); *Van Drivers Union Local No. 392 v. Neal Moving & Storage*, 551 F. Supp. 429, 432 (N.D. Ohio 1982) (awarding  permanent injunction and finding irreparable harm based on "continuing bad faith conduct" reflected in the defendant's chronic delinquencies and noting that ERISA was intended to stabilize the rights and liability of pension plans established through collective bargaining and "stability and protection require assurance of

United States District Court
Northern District of California

1   adequate funding"). [4]

2       Second, the Court finds that the balance of the hardships tips sharply in favor of Plaintiffs.

3   Generally, a finding of irreparable harm tips the balance of hardships that may result from an

4   injunction in favor of the plaintiff. *See Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 578 (S.D.

5   Ohio Sept. 7, 1983). That is the case here. While Westech's prolonged and repeated non-

6   compliance has imposed a significant burden on the Trust Funds, as discussed above, the

7   injunctive relief requested by Plaintiffs is narrow in scope and only requires Westech to comply

8   with its existing obligations under the CBA and Trust agreements. *See United Here Health*, 2012

9   WL 55116239, at *8 ("It is little hardship upon Defendants to be subject to an injunction ordering

10  them to comply with obligations they are already subject to, while Trustees may suffer hardship

11  resulting from continued delinquencies by Defendants"). Further, the proposed injunction enjoins

12  only conduct that was at issue in this case, that is, the payment of required contributions and the

13  timely submission of transmittals and reports.   The injunction *does not* enjoin any other types of

14  conduct. Thus, should Plaintiffs seek to enforce any obligations under the CBA that were not at

15  issue in this case, they will be required to initiate a separate legal action.

16      Finally, entry of a permanent injunction is in the public interest because it will protect the

17  integrity of the Plan. *See Gould*, 870 F.2d at 1217; *Van Drivers Union*, 551 F. Supp. at 432

18  ("Congressional intent and public policy are important considerations which guide this Court in

19  determining the necessity of the injunction . . ."); *United Here Health*, 2012 WL 55116239, at *8

20  (holding that public has an "interest in maintaining the integrity of employees' fringe benefit

21  plans," which was served by the issuance of an injunction against delinquent contributions).

22  **IV.   CONCLUSION**

23      For the reasons stated above, the Court finds that Plaintiffs are entitled to a permanent

24  injunction.  Therefore, it is ORDERED that Defendant Westech Roofing is permanently restrained

25

26                                      

[4] In *United Here Health* and *Gould*, the court issued a preliminary injunction rather than a

27  permanent injunction, but "[t]he standard for a preliminary injunction is essentially the same as for
a permanent injunction with the exception that the plaintiff must show a likelihood of success on

28  the merits rather than actual success." *See Amoco Production Co. v. Gambell*, 480 U.S. 531, 546
n.12 (1987).

and enjoined from: 1) failing to pay fringe benefit contributions to the Plaintiff Trust Funds in a timely manner, as defined by the collective bargaining agreement and/or Trust Agreements; and 2) failing to submit monthly transmittals or reports to the Plaintiff Trust Funds in a timely manner, as defined by the collective bargaining agreement and/or Trust Agreements.

The undersigned shall retain jurisdiction over this action for the purposes of implementing and enforcing this permanent injunction.  Should Defendant fail to submit monthly transmittals/reports or fail to pay fringe benefit contributions to the Plaintiff Trust Funds in a timely manner, Plaintiffs may seek relief, **after meeting and conferring, in person, with Defendant**, by filing a motion to enforce in this action, which shall be filed in accordance with the requirements of the Civil Local Rules of this Court.

**IT IS SO ORDERED.**

Dated:  September 4, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge